IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PHL VARIABLE INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | C.A. _____ |
| WERTHER FAMILY INSURANCE TRUST 2006, and its trustee, NATCITY TRUST COMPANY OF DELAWARE, | § § § § § | |
| Defendants. | § § | |

## PLAINTIFF'S COMPLAINT
## FOR DECLARATORY JUDGMENT

PHL Variable Insurance Company ("Phoenix"), by and through its attorney, files this Complaint against the Werther Family Insurance Trust 2006 (the "Trust") and its trustee, NatCity Trust Company of Delaware (the "Trustee"), as follows:

## THE PARTIES

1.   PHL Variable Insurance Company is a Connecticut insurance company authorized to transact the business of insurance in Delaware.  Phoenix is a citizen of Connecticut within the meaning and intent of 28 U.S.C. § 1332.

2.   The Trust is a statutory trust organized under the laws of Delaware and is a citizen of Delaware within the meaning and intent of 28 U.S.C. § 1332.  The Trust may be served through its trustee, NatCity Trust Company of Delaware, 1201 North Market Street, Wilmington, Delaware  19801.

3.   The Trustee is a corporation organized under the laws of Delaware and is a

citizen of Delaware within the meaning and intent of 28 U.S.C. § 1332. The Trustee may be served through its registered agent, NatCity Trust Company of Delaware, 1201 North Market Street, Wilmington, Delaware 19801.

## JURISDICTION AND VENUE

4. This suit presents a case of actual controversy within the diversity jurisdiction of this Court.

5. Phoenix is a citizen of the State of Connecticut.

6. The Trust is a citizen of the State of Delaware and is subject to the jurisdiction of the Court. The Trustee is a citizen of the State of Delaware and is subject to the jurisdiction of the Court.

7. This Court has diversity jurisdiction of this action, as Phoenix, on the one hand, and the Trust and Trustee, on the other hand, are citizens of different states and, as set out more fully below, the amount in controversy exceeds $75,000, exclusive of interest, attorneys' fees, and costs. Therefore, this Court has jurisdiction by virtue of 28 U.S.C. § 1332.

8. This Court has jurisdiction for the declaratory judgment action pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. §§ 2201 and 2202, which grant the United States District Courts jurisdiction to declare the "rights and other legal relations of any interested party making such declaration, whether or not further relief is or could be sought."

9. Venue is proper for this action, since the Trust and Trustee are citizens of Delaware, and the insurance policy at issue is governed by Delaware law.

{00233867;v1}

## FACTUAL BACKGROUND

10. Phoenix is, and during all relevant times has been, in the business of underwriting and issuing policies of life insurance and is authorized to transact the business of insurance in the State of Delaware.

11. As described more fully in the ensuing paragraphs, Phoenix received a written application for an insurance policy insuring the life of Bernard Werther ("Mr. Werther"). In completing this application, Mr. Werther and Defendants provided Phoenix material information regarding, among other things, Mr. Werther's background, income and net worth. Mr. Werther and the Defendants knew that they were required to provide complete, accurate and honest answers to the questions presented on the application. Mr. Werther and the Defendants also knew that Phoenix would rely upon the answers recorded on the application in determining whether Mr. Werther was insurable and qualified for the insurance sought through the Application.

12. The Trust, by and through its trustee, NatCity Trust Company of Delaware, applied in writing to Phoenix seeking the issuance of an insurance policy, insuring the life of Mr. Werther (the "Application"). As a result of the Application and in reliance on the information provided therein, Phoenix issued life insurance policy number 97518232 (the "Policy") to the Trust, with an effective date of August 9, 2006. The Policy's death benefit exceeds $75,000.

13. In completing the Application, Mr. Werther and the Trust, through its Trustee, responded to clear, direct questions seeking material information regarding Mr. Werther's background, income and net worth. The Application represented that Mr. Werther resided at 120 E. Golf Drive, Hollywood, Florida

33021, that he had never been convicted of a felony, and that he had a net worth of $38,000,000. Mr. Werther claimed that a "large portion [of his net worth was] in cash and other marketable securities and then personal/commercial real estate making up bulk of remainder."

14. The Application contained the following affirmation:

> I have reviewed this application, and the statements made herein are those of the proposed insured and all such statements made by the proposed insured in Part I or and in Part II of this application are full, complete, and true to the best knowledge and belief of the undersigned and have been correctly recorded.

Mr. Werther executed the Application on May 5, 2006 and the Trust, through its Trustee, executed the Application on July 20, 2006.

15. As noted above, the Application requested material information regarding, among other things, Mr. Werther's background, income and net worth. Mr. Werther provided responses to each of these queries. The responses were materially incorrect and/or fraudulent. Specifically, at the time of application or policy issuance, Mr. Werther did not have a net worth of $38 million, especially one primarily comprised of cash, marketable securities, and real estate. Mr. Werther also provided incorrect answers to such basic questions as his address and criminal history.

16. On the basis of the statements and representations on the Application and in reliance upon Mr. Werther's and the Defendants' complete candor, honesty and openness in disclosing information in response to the questions presented on the Application, Phoenix approved the issuance of the Policy. As noted, however, the statements made during the application process with respect to Mr. Werther's background and net worth were materially incorrect or fraudulent. Mr. Werther

{00233867;v1}

and Defendants knew or had reason to know of the falsity of these representations. The misrepresentations were each material to the risk Phoenix assumed. Had Mr. Werther and the Defendants been truthful when completing the Application, Phoenix would not have issued the Policy or would have done so on materially different terms. As a result of the Policy's issuance, Phoenix paid commissions to its sales representatives that it would not have paid, but for the sale.

17.   Phoenix brings this action seeking rescission of the Policy and an order declaring the Policy void *ab initio*.

## DECLARATORY JUDGMENT

18.   Phoenix incorporates herein by reference each of its allegations contained in Paragraphs 1–17 above.

19.   Pursuant to the federal Declaratory Judgment Statute, 28 U.S.C. § 2201, Phoenix seeks a declaratory judgment that the Policy is null, void and rescinded *ab initio* due to the fraudulent and/or material misrepresentations and omissions that Mr. Werther and Defendants made on the Application, and that as a result of said rescission, Phoenix may deposit with the Clerk of the Court all premiums paid on the Policy along with required interest, if any. Phoenix also seeks its fees pursuant to the Declaratory Judgment Statute.

## RELIEF REQUESTED

WHEREFORE, due to the above-referenced fraudulent and/or material misrepresentations, Phoenix demands judgment against the Trust and Trustee and 2007 Trust and Trustee, as follows:

(a)   an order declaring and adjudging the Policy of life insurance bearing

Policy Number 97518232 to be null and void and rescinded, *ab initio*;

(b)   an order that Phoenix deposit with the Clerk of the Court all premiums paid on the Policy along with required interest, if any; and

(c)   an order that the Clerk of the Court pay to Phoenix from the premiums deposited an amount equal to the commissions paid by Phoenix to the agents or sale representatives arising out of or relating to the sale of the Policy; and

(d)   an order awarding cost of suit and reasonable attorneys' fees pursuant to the Federal Declaratory Judgment Statute and such other relief as the Court deems equitable and just to Phoenix.

ASHBY & GEDDES

*/s/ Tiffany Geyer Lydon*
_____
Richard D. Heins (I.D. #3000)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
Wilmington, DE 19899
(302) 654-1888
rheins@ashyb-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiff*
*PHL Variable Insurance Company*

*Of Counsel:*

David T. McDowell
Thomas F.A. Hetherington
Jarrett E. Ganer
BRACEWELL & GIULIANI LLP
South Tower Pennzoil Place
711 Louisiana, Suite 2300
Houston, Texas 77002
(713) 223-2300

Dated: August 5, 2008

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
PHL VARIABLE INSURANCE COMPANY

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Tiffany Geyer Lydon, Ashby & Geddes, 500 Delaware Avenue,
P.O. Box 1150, Wilmington, DE 19899  (302) 654-1888

## DEFENDANTS
WERTHER FAMILY INSURANCE TRUST 2006,
and its trustee, NATCITY TRUST COMPANY OF DELAWARE

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits |  |  |  | ☐ 810 Selective Service |
|  | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) |  |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  |  | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  / ☐ 530 General |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  |  |
|  |  / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |
|  | ☐ 440 Other Civil Rights |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Section 1332, 28 U.S.C. Sections 2201, 2202
Brief description of cause: Action to declare life insurance policies null and void and rescinded, ab initio due to fraudulent and/or material misrepresnetations.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE: August 5, 2008

SIGNATURE OF ATTORNEY OF RECORD: *Tiffany Geyer Lydon*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. _____

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ___2___ COPIES OF AO FORM 85.

___8/5/08___   ___Patrick Boyer___
(Date forms issued)        (Signature of Party or their Representative)

___Patrick Boyer___
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action