IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PHL VARIABLE INSURANCE COMPANY, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 08-cv-485-GMS |
| WERTHER FAMILY INSURANCE TRUST 2006, and its trustee, NATCITY TRUST COMPANY OF DELAWARE, | ) ) ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER TO COMPLAINT
FOR DECLARATORY JUDGMENT**

Defendants Werther Family Insurance Trust 2006 (the "Trust"), and its trustee NatCity Trust Company of Delaware (the "Trustee," and together "Defendants"), by and through their undersigned counsel, answer the Complaint for Declaratory Judgment of PHL Variable Insurance Company ("Plaintiff," or "Phoenix") as follows:

1.  The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1, and therefore deny the allegations.

2.  Admitted.

3.  Admitted.

4.  Paragraph 4 states legal conclusions as to which no response is required. To the extent a response is required, the allegations are denied.

5. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5, and therefore deny the allegations.

6. Defendants admit that the Trust and Trustee are citizens of the Delaware and are subject to service of process pursuant to 12 *Del. C.* § 3804. The remaining allegations of paragraph 6 state legal conclusions as to which no response is required. To the extent a response is required, the allegations are denied.

7. The allegations of paragraph 7 state legal conclusions as to which no response is required. To the extent a response is required, the allegations are denied.

8. The allegations of paragraph 8 state legal conclusions as to which no response is required. To the extent a response is required, the allegations are denied.

9. Defendants admit that the Trust and Trustee are citizens of Delaware. The remaining allegations of paragraph 9 state legal conclusions as to which no response is required. To the extent a response is required, the allegations are denied.

10. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10, and therefore deny the allegations.

11. With respect to the first and second sentences of paragraph 11, the Defendants admit that there exists an application for life insurance (the "Application") the contents of which speaks for itself. The remainder of paragraph 11 consists of legal conclusions as to which no response is required. To the extent a response is required, the allegations are denied.

12. The Defendants admit that there exists a life insurance policy number 97518232 (the "Policy") the contents of which speaks for itself. The remainder of paragraph 12 consists of legal conclusions as to which no response is required. To the extent a response is required, the allegations are denied.

13. The Defendants state that the referenced document speaks for itself and that no further response is required. To the extent a response is required, the allegations are denied.

14. The Defendants state that the referenced document speaks for itself and that no further response is required.

15. With respect to the first sentence of paragraph 15, the Defendants state that the referenced document speaks for itself and that no further response is required. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 15, and therefore deny the allegations.

16. With respect to the first, second, fourth, and sixth sentences of paragraph 16, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore deny such allegations. The allegations of the third and fifth sentences of paragraph 16 are denied.

17. The Defendants admit that Plaintiff purports to bring this action seeking rescission of the Policy and an order declaring it void *ab initio*.

**DECLARATORY JUDGMENT**

18. The Defendants restate and incorporate by reference the responses set forth above in paragraphs 1-17 above.

19. The Defendants admit that Plaintiff purports to bring this action seeking a declaration that the Policy is null, void and rescinded *ab initio*. The Defendants deny that Plaintiff is entitled to a declaratory judgment, or to any other relief, whether in law, in equity, or under any theory whatever as to the Defendants. The Defendants specifically deny that Plaintiff is entitled to recover its attorneys' fees in this action whether pursuant to the Declaratory Judgment Act or under any other legal theory.

## RELIEF REQUESTED

The Defendants deny each and every allegation of the complaint not specifically admitted, including those portions of the complaint requesting relief. The Defendants specifically deny that Plaintiff is entitled to (a) a declaration that the Policy is null and void and rescinded *ab initio*, (b) compensatory damages equal to the commissions paid by Plaintiff to the agents or sale representatives arising out of or relating to the sale of the Policy, (c) the attorneys' fees or costs incurred by Plaintiff in this action, or (d) or any other relief of any kind whatever.

## AFFIRMATIVE DEFENSES

1. The complaint, in whole or in part, fails to state a claim upon which relief may be granted.

2. Plaintiff's purported causes of action fail to state facts sufficient to constitute a cause of action as to the Defendants.

3. Through its actions and inaction with regard to the matters alleged in the complaint, Plaintiff is estopped from asserting its affirmative claims and any and all claims it might otherwise have against the Defendants.

4. Plaintiff's purported causes of action are barred by Plaintiff's laches in pursuing these claims.

5. The injuries, damages, and/or expenses alleged in the complaint, none being admitted, were the direct and proximate result of Plaintiff's acts, omissions, negligence, fault and/or breach of duty.

6. The injuries, damages, and/or expenses alleged in the complaint, none being admitted, were caused solely by Plaintiff's superseding, intervening acts and conduct, which intervened between the alleged acts and conduct of the Defendants and the claimed damages or liability, barring recovery or liability in whole or in part.

7. Plaintiff's purported causes of action are barred because Plaintiff's damages, if any, were caused, in whole or in part, by the conduct, fault and/or negligence of persons or entities other than the Defendants, including without limitation, Bernard Werther, his agents and Plaintiff and/or persons acting on Plaintiff's behalf.

8. Plaintiff's purported causes of action are barred by the equitable doctrines of unclean hands and *in pari delicto*.

9. Plaintiff's purported causes of action are barred, in whole or in part, by the defense of accord and satisfaction.

10. Plaintiff's purported causes of action are barred, in whole or in part, by Plaintiff's express or implied consent to any and all alleged conduct by the Defendants.

11. Plaintiff's claims are barred by the doctrine of waiver.

12. Plaintiff is barred from recovery, in whole or in part, by the lack of damage or injury to Plaintiff.

13. Plaintiff is barred from recovery against Defendants, in whole or in part, because it would be unjustly enriched if permitted to collect the sums to which it claims it is entitled.

14. Plaintiff is barred from recovery against Defendants, in whole or in part, because it has failed to join parties required by Federal Rule of Civil Procedure 19.

15. Plaintiff is barred from recovery by the doctrine of ratification.

16. The Defendants reserve the right to assert any and all affirmative defenses that may develop during the course of this matter, via discovery or otherwise.

WHEREFORE, the Defendants respectfully request that Plaintiff's complaint be dismissed with prejudice, and that the Defendants be granted their attorneys' fees, costs, expert witness fees, and any appropriate legal and equitable relief to which they may be entitled.

Respectfully submitted,

/s/ John M. Seaman

Kevin G. Abrams (# 2375)
John M. Seaman (# 3868)
ABRAMS & LASTER LLP
20 Montchanin Road, Suite 200
Wilmington, DE 19807
Tel: 302.778.1000
Fax: 302.778.1001
Abrams@abramslaster.com
Seaman@abramslaster.com

*Attorneys for Defendants*
*Werther Family Insurance Trust 2006, and its*
*trustee, NatCity Trust Company of Delaware*

Dated: August 26, 2008

{A&L-00072431-2}

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of August, 2008, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will send notification of such filing to all registered participants.

I also certify that on August 26, 2008, I caused to be served true and correct copies of the foregoing on the following as indicated below:

**By Email and Hand Delivery**
Richard D. Heins
Tiffany Geyer Lydon
ASHBY & GEDDES
500 Delaware Avenue, 8th Floor
Wilmington, DE 19899

**By Email and U.S. Mail**
David T. McDowell
Thomas F.A. Hetherington
Jarrett E. Ganer
BRACEWELL & GIULIANI LLP
South Tower Pennzoil Place
711 Louisiana, Suite 2300
Houston, TX 77002

/s/ John M. Seaman
John M. Seaman (#3868)